FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS AYALA-HEREDIA,

          Petitioner,

- against -

EXECUTIVE OFFICE US MARSHALS, et al.,

          Respondents.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-1072 (RRM)(LB)

**MAUSKOPF, United States District Judge.**

Luis Ayala-Heredia, currently incarcerated at Leavenworth Detention Center ("LDC") in Leavenworth, Kansas, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). Petitioner asserts that his right to the timely disposition of a federal indictment under the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2 § 1 *et seq.* (2006), renders his confinement illegal, and that an outstanding order of removal also entitles him to issuance of the writ. (Pet. for Writ of Habeas Corpus (Doc. No. 1) 1–2.) Petitioner seeks "release to Mexican embassy authorities for deportation." (*Id.* at 2.) For the reasons set forth below, the petition is DENIED.

## BACKGROUND

Petitioner is a Mexican citizen. In April 2007, United States Immigration Judge ("IJ") Kristin W. Olmanson ordered that Petitioner be removed from the United States to Mexico for illegal entry. (Decl. of Special Assistant United States Attorney Dione M. Enea ("Enea Decl.") Ex. A (Doc. No. 5-2), at 6[1] (Decision and Order of IJ Olmanson, No. 76-8814-932 (Bloomington, Minn. Immig. Ct., Apr. 4, 2007)).) Petitioner subsequently reentered the United

---

[1] The Court uses the page numbers automatically assigned by the Electronic Case Filing system to refer to pages of exhibits to the Enea Declaration.

States, and in October 2009 pled guilty in the Southern District of Texas to illegal reentry after deportation, receiving a sentence of incarceration. (Enea Decl. Ex. B, at 17; Judgment (Doc. No. 22) 1–3, *United States v. Ayala-Heredia*, No. 09-CR-1375 (MA) (S.D. Tex. Nov. 4, 2009)).

In January 2011, while Petitioner was serving that sentence at the Federal Correctional Institution in Otisville, New York, Petitioner was indicted in the Western District of Missouri and charged with participating in a narcotics distribution conspiracy, and an arrest warrant was issued and lodged against Petitioner.[2] (Enea Decl. (Doc. No. 5) ¶ 5; Aff. of Brent J. Clark (Doc. No. 1) 5 (arrest warrant), *United States v. Heredia-Torres*, No. 11-MJ-196 (SMG) (E.D.N.Y. Feb. 23, 2011) ("Clark Aff."); Indictment (Doc. No. 1) 5, 7, 14, *United States v. Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011)). Petitioner completed his sentence for illegal reentry on February 18, 2011, at which time the United States Immigration and Customs Enforcement Agency (ICE) took custody of Petitioner, housing him at a facility in Pennsylvania for deportation processing. When ICE learned of the pending arrest warrant from the Western District of Missouri, however, Petitioner was transferred to the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). (Clark Aff. at 2 & n.1.) In March 2011, while housed at the MDC, Petitioner filed the instant Petition. (Pet. at 1.)

On February 23, 2011, pursuant to the Order of Eastern District of New York Chief Magistrate Judge Steven M. Gold, Petitioner was transferred to the Western District of Missouri, and ultimately housed at his current place of confinement, the LDC.[3] (Enea Decl. ¶ 10; Order (Doc. No. 3) 1, *Heredia-Torres*, 11-MJ-196 (SMG) (E.D.N.Y. Feb. 23, 2011).) On March 25, 2011, Petitioner was arraigned in the United States District Court for the Western District of

---

[2] The arrest warrant was issued for "Simon Heredia-Torres," an alias of Petitioner. (Enea Decl. ¶ 5; Clark Aff. 1–2.)
[3] Petitioner was detained in this District at the time of filing, and his subsequent transfer out of this District does not affect the Court's habeas jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction.").

2

Missouri before Magistrate Judge John Maughmer, on charges of conspiracy to distribute methamphetamine and aggravated identity theft. (Min. Entry for Detention Hr'g and Arraignment (Doc. No. 107) 2, *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011).) Petitioner entered a plea of not guilty, and Magistrate Judge Maughmer ordered that Petitioner be detained without bail pending the prosecution. (*Id.* at 2; Order of Detention (Doc. No. 110) 1, *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011)).

## STANDARD OF REVIEW

Relief under § 2241 is appropriate if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."[4] § 2241(c)(3); *see also Garlotte v. Fordice*, 515 U.S. 39, 40 (1995). "[T]he equitable principles governing [§ 2241] are reflected in the plenary discretion vested in habeas courts to 'hear and determine the facts, and dispose of the matter as law and justice require.'" *Pinkney v. Keane*, 920 F.2d 1090, 1093 (2d Cir. 1990) (quoting 28 U.S.C. § 2243 (2006)).

With respect to questions of removal, review of a habeas petition pursuant to § 2241 is limited in scope. While courts may review "purely legal statutory and constitutional claims," *Calcano-Martinez v. INS*, 232 F.3d 328, 342 (2d Cir. 2000), *aff'd*, 533 U.S. 348 (2001), they may not review "discretionary determinations by the [Immigration Judge] or [Board of Immigration Appeals]." *Sol v. INS*, 274 F.3d 648, 651 (2d Cir. 2001). Thus, a district court lacks jurisdiction to undertake a fact-intensive review of the merits of a petitioner's claims. *Id.*; *see also Liu v. INS*, 293 F.3d 36, 41 (2d Cir. 2002) (" '[R]eview of any discretionary decision made by the Attorney General' [is] plainly prohibit[ed]." (quoting *Chmakov v. Blackman*, 266

---

[4] Generally, a petition under § 2241 is the proper way for a federal prisoner to challenge the execution of his sentence, while a petition under § 2255 is appropriate to challenge the imposition of the sentence, for "violation of the U.S. Constitution or the laws of the United States." *See Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Middleton v. Schult*, 299 F. App'x 94, 96 (2d Cir. 2008).

3

F.3d 210, 215 (3d Cir. 2001))); *Darius v. INS*, No. 01-CV-8015 (AKH), 2002 WL 31119433, at *4 (S.D.N.Y. Sept. 24, 2002) ("district courts do not have jurisdiction to review discretionary determinations by an IJ or the [Board of Immigration Appeals]"). Moreover, "on a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).

Courts are obliged to construe the pleadings of a *pro se* petitioner liberally. *See Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the petition "gives any indication that a valid claim might be stated," courts must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Petitioner's current detention

Petitioner currently is detained without bail pending prosecution for narcotics-related charges, following arraignment and a hearing, as required under 18 U.S.C. § 3142(e)–(f). (Min. Entry for Detention Hr'g and Arraignment (Doc. No. 107) 2, Order of Detention (Doc. No. 110), *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011).) At the time of the Petition, Ayala was housed at MDC Brooklyn awaiting transfer to the Western District of Missouri for disposition of the then-pending arrest warrant and indictment in that court. (Clark Aff. ¶ 2.)

To the extent that the Petition requests transfer to the Western District of Missouri pursuant to Chief Magistrate Judge Gold's Order dated February 23, 2011, *Heredia-Torres*, 11-MJ-196 (Doc. No. 3) 1, the request is now moot, as Petitioner has been transferred to LDC and

arraigned before the United States Court for the Western District of Missouri. (*See* Min. Entry (Doc. No. 107), *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011).)

To the extent that Petitioner claims violation of his rights under the IADA, the claim is inapposite. When a prisoner is indicted in another jurisdiction, the IADA requires that he be brought to trial within 180 days after the prisoner has notified his warden, the indicting prosecutor and the court in which the indictment is pending, of his request for disposition of the indictment. IADA § 2, Art. III(a); *United States v. Paredes-Batista*, 140 F.3d 367, 371–72 (2d Cir. 1998); *United States v. Collins*, 863 F. Supp. 102, 102 & n.1 (E.D.N.Y. 1994). Once the prisoner is transferred to the indicting jurisdiction, he must be brought to trial within 120 days. IADA § 2, Art. V(c). A circumstance that would toll the 70-day Speedy Trial Act period also tolls the 180- and 120-day IADA periods. *See* IADA § 2, Arts. III(a), IV(c); 18 U.S.C. § 3161(h) (2006); *United States v. Cephas*, 937 F.2d 816, 819 (2d Cir. 1991); *accord United States v. McKay*, 431 F.3d 1085, 1091–92 (8th Cir. 2005).

Even assuming the IADA applies here,[5] Petitioner could not assert a valid IADA claim. Petitioner's new Missouri indictment issued in January 2011, and the 180-day period would not run until, at the earliest, July 2011.[6] Moreover, trial on that indictment was adjourned at

---

[5] The IADA applies where "a person has entered upon a term of imprisonment" and "*during the continuance of the term of imprisonment* there is pending in any other party State any untried indictment." IADA § 2, Art. III(a). As noted, at the time of filing, Petitioner had completed his prison term for unlawful reentry, and was in ICE custody, first, while awaiting deportation, and then while awaiting transfer to LDC. Various courts have held that the IADA does not apply to detainees awaiting prosecution or sentencing because they are not serving a term of imprisonment. *See, e.g., United States v. Collins*, 863 F. Supp. 102, 106 (E.D.N.Y. 1994) (citing cases); *see also United States v. Roy*, 771 F.2d 54, 57–58 (2d Cir. 1985) (applying IADA where defendant was awaiting trial on pending charges only because defendant was concurrently serving a sentence for a conviction of parole violation). Moreover, it is not clear from the face of the Petition whether the other conditions precedent for application of the IADA were met here, namely: service of a detainer by the prosecution, proper transmittal of the prisoner's request, and indictment by "any other party state," where Petitioner was confined by one federal agency and indicted by another federal agency. *See* IADA § 2 III(a); *Paredes*, 140 F.3d at 374 (citing *Fex v. Michigan*, 507 U.S. 43, 52 (1993)); *United States v. Collins*, 863 F. Supp. 102, 102 n.1 (E.D.N.Y. 1994) (citing *Carchman v. Nash*, 473 U.S. 716, 719 (1985)).

[6] Petitioner was transferred to the Western District of Missouri in March 2011. (Min. Entry for Detention Hr'g and Arraignment (Doc. No. 107) 2, *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011).) Therefore, the 120-day period, similarly, would not run until July 2011.

Petitioner's request from April 2011 until September 2011. (Scheduling and Trial Order (Doc. No. 126) 2–3, *Vanosdoll*, No. 11-CR-15 (JTM) (W.D. Mo. Jan. 25, 2011).) Magistrate Judge Maughmer excluded the adjournment for Speedy Trial Act purposes, so that the time also is excluded for purposes of the IADA. *Id.*; *see* 18 U.S.C. § 3161(h); *See Cephas*, 937 F.2d at 819; *McKay*, 431 F.3d at 1091–92. For these reasons, Petitioner's IADA claim fails.

## II. Removal from the United States

Petitioner requests that this Court issue a writ directing that Petitioner be "release[d] to Mexican embassy authorities for deportation." The Court, however, lacks the authority to issue such a writ. Under the Immigration and Nationality Act, subject to exceptions that do not apply here, "a proceeding [before the IJ] shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States." 8 U.S.C. § 1229a(a)(3) (2006). Thus, only immigration judges, under the auspices of the United States Attorney General, are empowered to order the removal of an alien. *See, e.g.*, *Ndike v. United States*, No. 08-CV-1211 (CBA), 2008 WL 4790943, at *1 (E.D.N.Y. Oct. 31, 2008) (" '[T]he authority to order the deportation or removal of an alien rests exclusively with the Attorney General.' " (quoting *United States v. Tinoso*, 327 F.3d 864, 866 (9th Cir. 2003))); *see also United States v. Olvera*, 954 F.2d 788, 793–94 (2d Cir. 1992) (district court lacks authority to issue a deportation order).[7]

To the extent that Petitioner seeks a writ of mandamus under 28 U.S.C. § 1361, compelling the Attorney General to institute removal proceedings, the Court similarly lacks the power to do so. Mandamus is appropriate only to compel a government officer to undertake a nondiscretionary duty, but the Attorney General has " 'the sole and unfettered discretion' " to decide whether to institute removal proceedings while an alien is detained. *Thye v. United*

---

[7] The Court notes that the instant Petition does not seek review based on legal or constitutional issues of a final order of removal, over which this Court has habeas jurisdiction. *See Wang v. Ashcroft*, 320 F.3d 130, 138 (2d Cir. 2003) (citing *Calcano-Martinez*, 533 U.S. at 351-52); *Darius*, 2002 WL 31119433, at *2.

*States*, 109 F.3d 127, 128 (2d Cir. 1997); *see also Duamutef v. INS*, 386 F.3d 172, 179 (2d Cir. 2004) ("[U]ntil [Petitioner] is released [from detention] . . . the pace at which the Attorney General proceeds to take [Petitioner] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review."). Petitioner's request runs afoul also of 8 U.S.C. § 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (2006). The Court, therefore, is without jurisdiction to issue the writ under these circumstances. *See Duamutef*, 386 F.3d at 180.

### III. Leave to amend

Amendment of a habeas petition is governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (citing Fed. R. Civ. P. 15(a)); *see* 28 U.S.C. § 2242 (habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs. *See* Fed R. Civ. P. 15(a)(2); *Cuoco*, 222 F.3d at 112. Even under this broad standard, however, the Court maintains its discretion to deny leave to amend "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

7

The deficiencies in the instant petition are not due to a lack of factual content. Rather, Petitioner's claims fail as a matter of law regardless of any possible factual amplification. *Cuoco*, 222 F.3d at 112. Therefore, leave to amend is DENIED.

## CONCLUSION

For the above reasons, the Petition for a writ of habeas corpus is DENIED in its entirety. The certificate of appealability provision, 28 U.S.C. § 2253(c), is inapplicable to this petition brought under § 2241. *Drax v. Reno*, 338 F.3d 98, 106 n. 12 (2d Cir. 2003) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment according to this Order, to close this case, and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
August 1, 2011

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge